# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON HUNTER-EL, | : | Civil Action No. 3:18-cv-1771 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN DAVID EBBERT, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Aaron Hunter-El ("Plaintiff"), a federal inmate presently housed at the United States Penitentiary at Lee ("USP-Lee"), Jonesville, Virginia, initiated this action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) ( (Doc. 1) on September 7, 2018. For the reasons set forth below, the Court will dismiss the action for failure to prosecute and failure to comply with a Court Order.

## I.  Background

Shortly after he commenced this action, Plaintiff moved to amend his complaint. to include additional exhibits, "to add more B.O.P policy(s) and federal statute(s)," a new defendant, a new Federal Tort Claims ("FTCA") claim and a demand for a jury trial. (Id.) On November 1, 2018, the Court granted Plaintiff's motion to amend his complaint and instructed him to file one all-inclusive complaint that "shall be direct, concise, and shall stand alone without reference to any other document filed in this matter." (Doc. 18). Thereafter, he filed several motions, including a motion for an enlargement of time

to amend the complaint on November 13, 2018, wherein he indicated that he needed additional time to comply with the Court's Order because the law library had been closed. (Docs. 20-22). He also expressed his displeasure with the Court's directive that he file an amended complaint. (Doc. 21, pp. 2, 3). On March 7, 2019, the Court granted his motion for an extension of time and directed him to file a proposed amended complaint on or before March 22, 2019. He failed to comply with the Order. Instead, he filed a "motion in response" indicating that he filed his Amended Complaint on November 1, 2018. (Doc. 25). On May 31, 2019, the Court notified Plaintiff that it was not in receipt of an amended complaint and afforded him a final opportunity to file his amended complaint. (Doc. 27). Included in the May 31, 2019 Order was the following language: "Plaintiff is strictly cautioned that the inclusion of separate, unrelated claims will be considered a failure to comply with an Order of Court and will result in dismissal of the complaint." (Doc. 27, ¶ 4). The amended complaint was to be filed by June 21, 2019. Plaintiff failed to comply with that Order. Plaintiff failed to comply with the Order. On July 21, 2019, the Court issued another Order affording him a final opportunity to comply with the prior orders by filing an amended complaint on or before July 30, 2019. The Court notified Plaintiff that his failure to file an amended complaint that complied with the Federal Rules of Civil Procedure would be construed as a failure to comply with a court order. The Court also cautioned him that his failure to respond to the Order would be construed as a failure to prosecute. (Doc. 28, ¶ 2, citing Federal Rule

of Civil Procedure 41(b)).  The deadline has passed and Plaintiff has failed to file an amended complaint.  Plaintiff has not communicated with the Court in any manner since March 25, 2019.

**II.     Discussion**

District courts have the inherent power to dismiss an action *sua sponte* for failure to prosecute and for failure to comply with a court order.  Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); see Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (finding the failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis); Azubuko v. Bell National Organization, 243 F. App'x. 728, 729 (3d Cir. 2007) (recognizing that a district court "has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)"  In Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors that should be considered before dismissing an action for failure to prosecute:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions

3

other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868). Not all of the Poulis factors need be satisfied to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

First, there is no doubt that Plaintiff, as a *pro se* litigant, has the ultimate and sole responsibility to prosecute his claim and to comport with court orders. See Hoxworth v. Blinder Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992). Plaintiff initiated the action more than eleven months ago and, at this point, has failed to comply with court orders or communicate with the Court in more than four months. As such, the first factor weighs in favor of dismissal.

The second factor, prejudice to the adversary, generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Plaintiff's failure to communicate with the Court and to comply with court orders frustrates any progressive forward movement and has hindered the ability to effect service of process. This failure to communicate clearly prejudices the Defendants' ability to achieve a timely resolution of the case. See Azubuko v. Bell National

4

Organization, 243 F.App'x. 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

Third, Plaintiff has established a history of dilatoriness through his failure to communicate with the Court and to comply with court orders. As noted *supra*, Plaintiff has not communicated with the Court in over four months, despite the issuance of two separate Orders directing him to file an amended complaint. The Court finds that Plaintiff has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." Briscoe v. Klem, 538 F.3d 252, 261 (3d Cir. 2008).

As concerns the Fourth factor, whether the conduct was willful or in bad faith, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. Plaintiff bears responsibility for the dilatory behavior as he is solely responsible for the lack of communication with the Court and the failure to file an amended complaint, as ordered.

Fifth, a district court must consider the availability of sanctions alternative to dismissal. Poulis, 747 F.2d at 869. Given Plaintiff's *pro se* prisoner status, the Court concludes that he is indigent and, thus, alternative monetary sanctions would not be effective. See Briscoe, 538 F.3d at 263.

The final factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. Poulis, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is

utilized in determining whether a claim is meritorious. Poulis, 747 F.2d at 869-70. Shortly after the filing of the claim, Plaintiff sought to amend to correct the caption, included additional exhibits and other claims, including an FTCA claim and other "BOP policy(s) and federal statute(s)." (Doc. 7, p. 1). He has failed to correct the defects he sought to amend and, as such, the meritoriousness of all the claims Plaintiff seeks to bring cannot be undertaken.

In balancing the Poulis factors, no single factor is dispositive, Ware, 322 F.3d at 222, and, as noted above, not all of the factors need be satisfied in order to dismiss a complaint. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Following a full analysis of the factors, the scale tips heavily in favor of dismissal of the action.

### III. Conclusion

Based on the above, the Court will dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders.

A separate Order shall issue.

                          **BY THE COURT:**

                          s/James M. Munley
                          **JUDGE JAMES M. MUNLEY**
                          **United States District Court**

**Dated:** August 19, 2019